CHICAGO & N. W. RY. CO. v. UNITED STATES (two cases).

(Circuit Court of Appeals, Seventh Circuit. April 18, 1916.)

Nos. 2295, 2296.

1. CARRIERS ⬦⇒37—CARRIAGE OF LIVE STOCK—TWENTY-EIGHT HOUR LAW.

In an action against a carrier to recover the penalty provided in the Twenty-Eight Hour Law (Act June 29, 1906, c. 3594, 34 Stat. 607 [Comp. St. 1913, §§ 8651–8654]) for knowingly and willfully confining stock beyond 36 hours, it is not necessary to recover the penalty that there was a direct intent to injure the stock; the question of willfulness being determined from the entire circumstances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. ⬦⇒37.]

2. TRIAL ⬦⇒142—DIRECTED VERDICT—RIGHT TO.

Though the facts were conceded, verdict should not be directed, unless reasonable minds would not differ as to the conclusion to be drawn.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 337; Dec. Dig. ⬦⇒142.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Actions by the United States of America against the Chicago & Northwestern Railway Company. There were judgments for the United States, and defendant brings error. Reversed and remanded.

These two cases were argued together, and will be so considered and disposed of. The actions were against plaintiff in error to recover penalties for violation of the "Twenty-Eight Hour Law." In one of the records it appears that by stipulation two cases were tried together in the District Court, thus making really three to be here disposed of. The declarations allege that the carrier knowingly and willfully confined in cars the stock mentioned in the respective declarations, in excess of 36 hours, in conveyance thereof over the defendant's railroad from the points named in the states of Minnesota and Iowa to Chicago. Defendant filed pleas of general issue, and all were tried by jury on the same day. Jury being impaneled, counsel for defendant stipulated that the confinement of the stock was in two of the cases 38 hours 35 minutes, and in one 37 hours 22 minutes, there being in each case a 36-hour agreement on the part of the shipper. The allegations of the declarations were admitted, excepting so much thereof as charged the defendant with willfully and knowingly confining the stock beyond the 36-hour period, and which alleged that the defendant was not prevented by storm or other accidental or unavoidable cause from unloading the stock. Thereupon the government rested, and defendant moved the court to instruct the jury to find defendant not guilty, stating as reason for the motion that there is no evidence that the defendant willfully and knowingly confined the stock beyond the statutory time. The motion was overruled, and, defendant resting its case, the court directed the jury to find the defendant guilty, which was done, and judgments rendered accordingly, and fines imposed.

Charles A. Vilas, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne and Frederick Dickinson, both of Chicago, Ill., for the United States.

Before MACK and ALSCHULER, Circuit Judges, and ANDERSON, District Judge.

ALSCHULER, Circuit Judge (after stating the facts as above). [1] On behalf of plaintiff in error it is urged that the record affords

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

no evidence whatever that the defendant willfully and knowingly confined the stock beyond the 36 hours; that the court committed error in denying defendant's motions for instructed verdicts of not guilty, and in instructing the jury to find defendant guilty. On the other hand, it is claimed for the government that the stipulation at the trial afforded prima facie evidence that the defendant willfully and knowingly confined the stock beyond the 36 hours, and that in the absence of further evidence the directed verdicts for the government were proper.

In order to establish willfulness of the act of confinement beyond the limit, it is not necessary that there be evidence of any direct intent to do injury to the stock. Our opinion in No. 2294 (234 Fed. 268, —— C. C. A. ——), another "Twenty-Eight Hour Law" case having same title as those here, and which is decided contemporaneously herewith, is referred to for some further discussion of the subject of willfulness.

The ultimate question of the willfulness of the act of confinement must be determined from the evidentiary facts, and it makes no difference that such facts appear by stipulation of the parties rather than through oral or documentary evidence.

[2] Unless it can be said that reasonable minds would not differ in the conclusion to be drawn from the conceded facts, the conclusion must be reached, not by the court as a matter of law, but by the trier of facts, the jury. From the facts appearing herein we cannot say that on consideration thereof reasonable minds would not differ as to whether or not the confinement of the stock beyond the 36 hours was willful on the part of plaintiff in error.

We thus find that the District Court properly refused the requested instructions to find defendant not guilty, but that it erroneously instructed the jury to find verdicts of guilty.

Judgments reversed, and causes remanded, with direction to District Court to grant a new trial in each case.